UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/15

------------------------------------x

JOSHUA KIDWELL,

                Petitioner,

                v.

WARDEN HUFFORD, FCI OTISVILLE,

                Respondent.

13 Civ. 9129 (TPG)

OPINION

------------------------------------x

    Before the court is petitioner Joshua Kidwell's *pro se* motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Kidwell is no longer in federal custody, the petition is denied as moot.

    Kidwell filed his petition on December 26, 2013. (Dkt. No. 2.) Although his petition initially included multiple claims, Kidwell later took the position "to proceed only with the BOP's failure to grant a *nunc pro tunc* designation of a State Court sentence towards his federal sentence," and to abandon all other claims. (Pet. Rep. Br., Dkt. No. 15 at 1.)

    On December 26, 2013, when Kidwell filed his petition, he was detained at the Federal Detention Facility in Otisville, New York. However, Kidwell was released from federal custody on October 14, 2014. The only relief sought by Kidwell—a *nunc pro tunc* designation of a state court sentence towards his federal sentence, to effectively grant Kidwell an earlier release date from federal custody—is rendered moot by his release. *See Leybinsky v. U.S. Immigration & Customs Enforcement*, 553 F. App'x 108, 109 (2d Cir. 2014) (to avoid mootness, "throughout

the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision"); *see also Martinez-Cisneros v. Hufford*, No. 13 CIV. 6888 AT JCF, 2014 WL 3610797, at *1 (S.D.N.Y. July 18, 2014) *report and recommendation adopted*, No. 13 CIV. 6888 AT JCF, 2014 WL 3854077 (S.D.N.Y. Aug. 5, 2014) ("Because the BOP has given Mr. Martinez–Cisneros the relief he has requested, I recommend his petition be dismissed as moot").

Because Kidwell no longer suffers, or is threatened with, an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision, his petition is denied as moot. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
July 15, 2015

Thomas P. Griesa
U.S. District Judge